## Culton et al. v. Simpson et al.

Feb. 28, 1939.

W. E. Begley, Judge.

J. R. LLEWELLYN for appellants.

A. T. W. MANNING and ED. R. HAYS for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The widow and heirs at law of David Culton, deceased, brought an action in the Jackson circuit court on May 24, 1934, to sell a tract of land, consisting of 92¾ acres, and to divide the proceeds.

David Culton died in 1893. It was alleged in the petition that at the time of his death David Culton was the owner in fee simple of the land thereinafter described; that he died intestate; and that at his death the land vested in his children subject to the dower interest of his widow. It was also alleged that the plaintiffs had been unable to find the original deed to their father and ancestor and they believed it to be lost. It was further alleged that plaintiffs and those under and through whom they claimed title to the land, including their ancestor David Culton, had, by themselves, their tenants and agents, been in the adverse possession of the land for more than 15 years, holding, claiming and occupying same to be a well-marked and plainly defined boundary. On January 4, 1935, Ham Simpson filed an intervening petition asking that he be made a party to the action and allowed to defend for and on behalf of himself and all of the heirs of Dr. George G. Edwards, deceased. He alleged that Dr. George G. Edwards died intestate a resident of Jackson county, Kentucky, more than 50 years ago, the owner of and having the fee simple title to all the boundary of land described in the plaintiffs' petition. He denied that David Culton was the owner in fee simple, or at all, of the land or any part thereof, or that upon his death the land or any portion thereof descended to or vested in his heirs at law, and traversed the allegations setting up title by adverse possession. An issue out of chancery was tried before a jury, and, at the conclusion of the plaintiffs' evidence, the court peremptorily instructed the jury to find for

the Edwards heirs. The Culton heirs appealed, and the judgment was reversed on the ground that the case should have been submitted to the jury. Culton v. Simpson, 265 Ky. 343, 96 S. W. (2d) 856, 860. The opinion on the former appeal concluded as follows:

"Just now, with the evidence as it is, the possession and the right to possession appear to be in the Culton heirs.

"Of course, the full development of the evidence in this case may overthrow all of this, but the court directed a verdict for the Edwards heirs at the close of the evidence for the Culton heirs, which was erroneous, for certainly the Culton heirs had put in enough evidence to entitle them to have their cause submitted to a jury."

On the return of the case, it was submitted to a jury, and a verdict was returned in favor of the Edwards heirs, and the Culton heirs have again appealed.

The evidence for the plaintiffs was substantially the same as the evidence on the first trial. That evidence is set out at length in the opinion on the former appeal, and it is unnecessary to repeat it here. The Edwards heirs introduced witnesses who had been acquainted with the land for more than 40 years, and they testified, in substance, that there was no marked, well-defined boundary, and that it was impossible to determine the boundary except by a survey, using the calls in the deed of Stephen D. Collier and wife to Dr. George G. Edwards dated September 7, 1859. Jim Brumback testified that he had been acquainted with the tract of land for more than 40 years. He testified that there was a log house on the land which burned in 1918. After David Culton's widow remarried in 1899, the house was frequently unoccupied for a period of one, two or three years, and the land during these years was apparently abandoned. Dan Ward had known the land more than 40 years, and remembered that David Culton died there when the witness was 14 or 15 years old. He testified that he married in 1900 and moved onto a farm near the land in question and lived there 10 years. After David Culton's widow married in 1899, the house was vacant for several years, and there were a number of times, amounting to several years in all, during the 10 years following his marriage when no one lived on the land. There was never any marked line, and the land was

not fenced. It will thus be seen that there was evidence contradicting plaintiffs' proof which tended to show that the possession of the Cultons was continuous, uninterrupted, and to a well-defined boundary for more than 15 years subsequent to the time David Culton is supposed to have moved onto the land in 1891.. While the preponderance of the evidence seems to sustain appellants' claim, yet there was substantial evidence to the contrary, and the verdict of the jury cannot be disturbed.

Appellants insist that appellees failed to show paper title to the land by competent evidence. A certified copy of a deed from Stephen D. Collier and wife to George G. Edwards dated September 7, 1859, was offered in evidence. This deed described the land by metes and bounds and had a certificate of acknowledgment showing that it had been acknowledged by the grantors before the county clerk of Knox county on September 7, 1859. It did not carry a certificate showing that it had been lodged for record. The plaintiffs objected to the introduction of the certified copy of the deed on the ground that it failed to show that the original deed had been legally recorded. The objection was overruled, but the Edwards heirs then introduced the county clerk of Jackson county as a witness, and produced in evidence the original deed book No. 1 of the Jackson county court clerk's office. The deed from Collier and wife to George G. Edwards appeared on page 63 of deed book 1. It carried a certificate of acknowledgment, but not a certificate showing that the deed had been lodged for record, or the date of the recordation. On the margin of the deed book was a notation to the effect that a fee of $1.25 for recording and .50 cents tax had been paid in full. The deed appeared on pages 63 and 64 of deed book 1. On pages 61 and 62 of the same book a deed was recorded, and the recording certificate at the end showed that it was recorded September 20, 1859. Appellants argue that their objection to the introduction in evidence of this record should have been sustained because the deed did not bear a certificate showing when it was lodged in the clerk's office for record nor that the deed and certificate of acknowledgment had been duly recorded. The deed was a complete valid instrument, and passed title to Dr. G. G. Edwards. It was duly acknowledged by the grantors before the county clerk of Knox county, and the certificate of acknowl-

edgment was signed by the clerk. It was a recordable instrument, and the failure of the county clerk to add a recording certificate to it or to spread such certificate on the deed book did not invalidate it. The fact that the deed appears in the deed book is evidence that it was lodged for record by the grantee.

Section 511 of the Kentucky Statutes reads:

"The clerk of each county court shall record all instruments of writing embraced in any section of this chapter, which shall be lodged for record, properly certified, or which shall be acknowledged or proved before him as required by law. He shall also record the certificates indorsed on the same, and shall certify the time when the instrument was lodged in his office for record. If acknowledged or proved before him, he shall also certify the time of doing the same, and by whom proved, and that the instrument and the certificates thereon have been duly recorded in his office."

Undoubtedly, the purpose of this statute in requiring the clerk to certify the time when the instrument was lodged in his office for record was to make certain the time when it afforded constructive notice to third parties of the change of title. Failure of the clerk to add a recording certificate or to copy such certificate in the deed book does not invalidate the deed or its recordation, and it follows that the deed from Stephen D. Collier and wife to G. G. Edwards, as it appeared in the deed book, or a certified copy thereof was admissible as evidence of appellees' title. Section 519, Kentucky Statutes.

The judgment is affirmed.